FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORINNA H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:21-CV-00113-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney Maren Ann Miller Bam represents Corinna H. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 6, 2019, alleging disability since September 14, 2017, due to PTSD, headaches, neck

pain, shoulder pain, back pain, pain in the right knee, panic attacks, anxiety, depression, hypothyroidism, and early onset COPD.  Tr. 135.  The application was denied initially and upon reconsideration.  Tr. 168-71, 175-77.  Administrative Law Judge (ALJ) Marie Palachuk held a hearing on August 25, 2020, Tr. 78-110, and issued an unfavorable decision on September 15, 2020.  Tr. 16-29.  Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on February 5, 2021.  Tr. 1-6.  The ALJ's September 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 16, 2021.  ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1963 and was 56 years old when she filed her application.  Tr. 27.  She has a GED and a sporadic work history, having worked many short-term jobs over her life, but has not worked in any substantial capacity in the past 15 years.  Tr. 470, 602.  She has suffered complex trauma, beginning in childhood, and extending through abusive adult relationships and periods of homelessness.  Tr. 410.  Her trauma was untreated until she began therapy in late 2017.  Tr. 411.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On September 15, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 16-29.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date.  Tr. 19.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: mild asthma/emphysema with continued smoking, unspecified personality disorder, cannabis use disorder, and unspecified anxiety disorder.  *Id.*

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 20-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, with the following non-exertional limitations:

> She must avoid even moderate exposure to respiratory irritants. She would need low stress work (i.e., predictable environment with seldom change, no judgment/decision making, no fast paced production rate of pace, no managerial work, no public).

Tr. 21.

At *step four*, the ALJ found Plaintiff had no past relevant work.  Tr. 27.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of kitchen helper, stores laborer, and routing clerk. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision.  Tr. 28-29.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly evaluating the medical opinion from Plaintiff's treating therapist; and (2) improperly evaluating Plaintiff's subjective complaints.

## VII.  DISCUSSION

A.  **Medical Opinion Evidence.**

Plaintiff argues the ALJ improperly weighed the opinion from her treating therapist, Ms. Alison McKenna, LCSW. ECF No. 13 at 8-17.

For claims filed on or after March 27, 2017, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Plaintiff's treating therapist, Ms. McKenna, provided a number of summaries of Plaintiff's treatment throughout the record, noting that Plaintiff did not appear capable of maintaining employment due to her social limitations and that her PTSD symptoms prevented her from meeting the expectations of employers. Tr. 421, 452-53, 457-60. She also completed a mental RFC assessment in July 2020, in which she opined Plaintiff had moderate and marked limitations in nearly all areas of work-related functioning, and described further deficits in understanding, memory, concentration, social functioning, and adaptation skills. Tr. 620-22.

The ALJ found Ms. McKenna's statements unpersuasive. Tr. 27. She found that the conclusory statements about Plaintiff being incapable of working were not valuable or persuasive, as they related to an issue reserved to the Commissioner. *Id.* She further found the assessed moderate and marked limitations in the RFC

assessment were unsupported by chart notes reflecting Plaintiff's significant gains in insight and emotional regulation, and found the marked limitations to be inconsistent with Plaintiff's ability to secure housing, resolve traffic violations, obtain her driver's license, and interact appropriately with medical providers. *Id.*

Plaintiff argues the ALJ erred in rejecting the assessed mental limitations, as the discussion was insufficiently specific and disregarded the broader context of the treatment records. ECF No. 13 at 8-17.[1] Specifically, she asserts the record does not document any sustained significant improvement in her functional abilities, and argues that the abilities identified by the ALJ are not inconsistent with Ms. McKenna's opinion and were more complicated than the ALJ indicated. *Id.* Defendant argues the ALJ reasonably considered the supportability and consistency of Ms. McKenna's opinion and reasonably interpreted the record as showing improvement and activities that were inconsistent with the opinion. ECF No. 15 at 3-9.

The Court finds the ALJ's discussion is not supported by substantial evidence. While the consistency of an opinion with the medical evidence is certainly a relevant factor, the analysis must consider the entire record as a whole and courts may not affirm simply by isolating a "specific quantum of supporting evidence." *Hill v. Astrue*, 695 F.3d 1153, 1159 (9th Cir. 2012). The ALJ's conclusion that Ms. McKenna's opinion was not supported by chart notes reflecting "significant gains in insight and emotional regulation" is not supported by substantial evidence.

While the treatment notes do reflect Plaintiff's improved understanding and insight into her condition, there is little evidence of sustained functional

---

[1] Plaintiff does not challenge the ALJ's rejection of Ms. McKenna's general statements that Plaintiff was unable to work.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

improvement in emotional regulation or in her ability to translate her insights into practice. Tr. 595, 601, 606-07, 615. In March 2019, Ms. McKenna noted Plaintiff's level of functioning seemed to have improved with respect to interpersonal relationships since beginning treatment (Tr. 410), but records throughout the following year document instances of irritability with family and friends, angry outbursts with little provocation, an inability to take responsibility for her behaviors, and perseverating on what others could have done differently. Tr. 597-99, 601-02, 607-08. Even in the months leading up to the hearing, Ms. McKenna's treatment notes reflect Plaintiff's ongoing emotional reactions (particularly to stressors), difficulties managing interpersonal relationships, and an inability to set realistic goals or make plans on her own or recognize self-destructive behaviors. Tr. 605-19. The ALJ's discussion does not explain how Ms. McKenna's notes as a whole indicate improvement to the point of contradicting her opinion. The Court finds the ALJ's analysis is not supported by substantial evidence.

Furthermore, in determining the supportability of a medical opinion, an ALJ is supposed to consider the supporting explanations provided by a medical source. 20 C.F.R. § 416.920c(c)(1). Ms. McKenna provided an extensive discussion following the check-box opinions, explaining many of the ratings and laying out specific examples of Plaintiff's ongoing symptoms. Tr. 622. The ALJ did not acknowledge or discuss this supporting explanation. Tr. 27.

With respect to consistency with other evidence, the ALJ found that Ms. McKenna's opinion was contradicted by Plaintiff's demonstrated ability to secure housing, resolve traffic violations, obtain her driver's license, and interact appropriately with medical providers. Tr. 27. The context of the treatment records documenting these events does not indicate any substantial abilities that contradict Ms. McKenna's opinion. For example, Plaintiff's move and obtaining of new

housing in the summer of 2019 was one of the most fraught events documented in the record: she demonstrated extreme anxiety, perseverated on the possibility of becoming homeless, was substantially triggered by the idea of living in a friend's trailer, and engaged in self-sabotaging behaviors that confused her providers due to undisclosed trauma. Tr. 590-95. She left her traffic violations unresolved for many years and seemed to be minimizing the potential consequences leading up to her court date, and Ms. McKenna noted that it was unclear why it took Plaintiff so long to obtain her driver's license. Tr. 433-36, 459. Finally, a claimant's ability to interact with care providers in the limited context of receiving treatment (particularly mental health treatment) is not indicative of their ability to maintain ongoing relationships in their personal life or in a professional work setting. The Court finds the ALJ's discussion is not supported by substantial evidence.

On remand, the ALJ will reconsider Ms. McKenna's opinion.

**B.**     **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 17-21. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what

evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's complaints were not fully supported by objective evidence, and that the therapy records demonstrated improvement in her mental health functioning, her activities demonstrated a good ability to adapt and manage herself, she was able to interact appropriately with care providers, and her limited work history indicated that her present unemployment was likely related to other long-standing reasons such as a lack of motivation. Tr. 24-25.

Plaintiff argues the ALJ's rationale is insufficient, as the record did not support a finding of any significant sustained improvement, and her activities were not inconsistent with her reports. ECF No. 13 at 19-20. She further argues that the ALJ's speculation regarding the reasons for Plaintiff's unemployment did not constitute substantial evidence, and the general summary of her treatment and the objective evidence was insufficient on its own. *Id.* at 18-20. Defendant argues the ALJ reasonably interpreted the record in discounting Plaintiff's reports based on evidence of improvement, her activity level, her poor work history, and the lack of support from the objective records. ECF No. 15 at 10-14.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Improvement in symptoms, however, does not mean elimination of symptoms. Furthermore, the Ninth Circuit has held that:

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

> [i]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). As discussed above, the record does not support the ALJ's finding of substantial improvement in Plaintiff's mental health conditions, as she continued to struggle with emotional dysregulation, interpersonal relationships, and hypervigilance and arousal from past trauma. The Court finds the ALJ's conclusion is not supported by substantial evidence.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Ninth Circuit, however, has repeatedly noted that many everyday activities are not inconsistent with a claim of disability:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) *citing Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The ALJ noted Plaintiff's activities

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

indicated a good ability to adapt and manage herself. Tr. 25. The ALJ, however, did not explain how any of the identified activities were inconsistent with Plaintiff's allegations. Plaintiff's ability to tend to her personal and household care are not inconsistent with her allegations regarding social difficulties in the workplace and trouble concentrating or consistently attending work. Therefore, the ALJ's finding that Plaintiff's allegations were inconsistent with her activities is not supported by substantial evidence.

While an ALJ may consider a claimant's work history in assessing the reliability of their claims, *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001), *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), the ALJ here stated only that it was "likely" that Plaintiff's lack of work was related to other reasons, such as lack of motivation, and did not cite to any evidence in support of that supposition. On the contrary, the record shows Plaintiff has had a series of low paying or part time jobs throughout her life, consistent with her reports to providers that she has had many jobs but has rarely been able to sustain work for long. Tr. 91-92, 304-06, 470, 602. Given the long-standing nature of Plaintiff's complex trauma, the Court finds the ALJ's speculation does not constitute substantial evidence.

The only other rationale offered by the ALJ was the lack of support from the objective testing. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). This cannot be the only reason provided by the ALJ, however. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence).

On remand, the ALJ shall reconsider Plaintiff's subjective testimony, considering the record as a whole and the context of various notations.

## VIII. CONCLUSION

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and taking into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE